51 F.3d 279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David DeHERRERA, on his own behalf and on behalf of all
others similarly situated, Plaintiff-Appellant,
v.
Togo D. WEST, Jr.,* in his official capacity
as Secretary of the Army, Defendant-Appellee.
 No. 93-17009.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 16, 1995.
Decided March 28, 1995.
 
 Before: GOODWIN, CANBY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David DeHerrera, a civil service employee of the U.S. Army, sued the Secretary of the Army for violating his rights under Title VII's prohibition against discrimination on the basis of national origin (Hispanic-American) when it neither promoted him nor nominated him for advanced training. He appeals a summary judgment for the Secretary. We affirm.
 
 
 3
 DeHerrera established a prima facie case of discrimination by showing that he was qualified for a promotion from Information Management Specialist (GS-13) to Information Systems Management Specialist (GM-301-14), and that a non-minority woman received the promotion. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253-54 n. 6 (1981). The Army did not deny these facts, but rebutted DeHerrera's prima facie case with documents establishing that the woman who was promoted had superior academic qualifications in relevant subject areas, and higher scores than DeHerrera in relevant rating categories. These facts were undisputed, although DeHerrera disagreed that the successful competitor had higher objective qualifications than he. The Army also rebutted DeHerrera's prima facie case of discrimination in nominations for training when it filed documents establishing that he had submitted an incomplete application.
 
 
 4
 The district court ruled on the documents filed with the Army's motion for summary judgment that the Army had articulated legitimate, nondiscriminatory reasons for not promoting or nominating DeHerrera. Burdine, 450 U.S. at 257 (at this stage the defendant needs only to produce "admissible evidence," not to prove reason by preponderance of the evidence). DeHerrera's documents, apart from his own self-serving opinions about who was the more qualified competitor for the job, failed to show that a genuine issue of material fact existed as to whether defendant's reasons for not hiring DeHerrera were either false or pretextual. St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2752 (1993) (plaintiff can prevail only if it is "shown both that the reason was false, and that discrimination was the real reason"). Because DeHerrera was unable to establish a genuine issue of material fact as to the truth of these reasons for his rejections, summary judgment in favor of the Army was appropriate.
 
 
 5
 DeHerrera also asserted that procedural irregularities in the hiring process created a material issue of genuine fact. The trial court correctly determined that no significant irregularities in the hiring of the successful candidate were material to DeHerrera's claim of discrimination. Accordingly, there was no material question of fact on whether the Army's recruiting methods were discriminatory.
 
 
 6
 DeHerrera offered statistics relating to the representation of Hispanics among management level civilian employees at Fort Huachuca, and asserted that the scarcity of high-level civilian employees from Spanish speaking cultures created a material issue of genuine fact. The trial court disagreed, holding that the local scarcity of any particular category of employees in a job description to be filled by a service-wide, world-wide invitation for applications proved nothing about DeHerrera's claim that he had been singled out for discriminatory rejection in favor of a female competitor who was not Hispanic. We agree. See Hazelwood School District v. United States, 433 U.S. 299, 305 (1977); Casillas v. United States Navy, 735 F.2d 338, 345-46 (9th Cir.1984).
 
 
 7
 DeHerrera also asserted that a genuine issue of material fact existed as to the Army's reasons for not nominating him to participate in advanced training at the Army Management Staff College. The court was satisfied that the Army's failure to forward DeHerrera's incomplete application for advanced training to the selection board was consistent with established racially neutral procedures, and tended to prove nothing relevant to a Title VII claim. We agree.
 
 
 8
 Neither did the court believe it probative of any part of DeHerrera's claim that, after he did complete all the appropriate forms and tender a new application for advanced training (after this litigation was underway), the Army forwarded the application to the next level of selection.
 
 
 9
 In sum, DeHerrera has been unable to establish that a genuine issue of material fact exists as to whether the reasons the Army gave for not promoting him or nominating him for training were pretextual.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Togo D. West, Jr., is substituted for his predecessor, Michael P.W. Stone, as Secretary of the Army, pursuant to Fed.R.App.P. 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3